UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANDRANIK SOUVALIAN, individually and on behalf of all others similarly situated, § § § § Plaintiff, § § v. § § § GOOGLE INC. § § § Defendant. § | CASE NO. CA10- 102 ML <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, Andranik Souvalian (hereafter "Souvalian" or "Plaintiff"), brings this action individually and on behalf of a nationwide class of all other persons similarly situated in the United States (hereafter "Class") against Google Inc. (hereafter "Google" or "Defendant") for violations of the Stored Communications Act (hereafter "SCA"), 18 U.S.C. § 2701 *et seq* and the Electronic Communications Privacy Act (hereafter "ECPA"), 18 U.S.C. § 2510 *et seq*. Plaintiff seeks damages and equitable relief on his own behalf and on behalf of the Class. Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

### FACTUAL ALLEGATIONS

1.  Google provides internet related services, including but not limited to email services through its "Gmail" service to approximately 37 million users. Plaintiff and the Class are users of Google's Gmail email service and seek to remedy violations of their privacy rights by Google's recently released social network tool, named Google Buzz.

2. Google launched Google Buzz on Tuesday, February 9, 2010 as a social networking application (in essence, Google's answer to Facebook) linked to a user's Gmail email account. When Google Buzz was introduced, users did not have a choice as to whether or not to sign up for the application and Google automatically added the Google Buzz application, and thus Buzz "sites," to all users of Google's Gmail service. Once Google Buzz was activated, Google automatically created a list of persons that the user would be automatically "following" as well as a list of persons whom the user would automatically follow. In order to create such a list of "followers," Google accesses its user's Gmail email account and posted the names contained in the user's private list of email contacts.

3. Google Buzz did not warn users that their private email contacts would be used to create publicly viewable lists of "followers." Nor did Google seek or receive permission to do so. Therefore, Google, without permission, shared information about users with the users' email contacts and anyone else who accessed the user's Buzz site.

4. The activation of Buzz disclosed not only users' private email contact lists, but also disclosed the contacts with whom users communicate most often. Gmail private email contact lists include personal information, including the names and email addresses of people who had emailed the user and the names and email addresses of those people whom the user had emailed. Users' private lists of all the persons they contacted by email or who contacted them may be very different from the people that users may want to contact for purposes of social networking through Buzz. Nevertheless, Google, without user authorization, accessed and made public on the users' buzz site, the users' private list of his or her email contacts.

5. Google, through its Buzz social networking tool, has unlawfully disclosed its customers' private communications and records, including but not limited to, the automatic and unauthorized importing of its customers private email contacts onto the Buzz social network.

Buzz has raised privacy concerns including, but not limited to automatic importing of private contacts and showing them as friends and importing without authorization the customers' private photos onto to the Buzz social network.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (a) and 1332 (d), because the amount in controversy exceeds $5,000,000.00 exclusive of interests and costs, and more than two-thirds of the members of the putative Class are citizens of states different from that of Defendant. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 for violations of the SCA and the ECPA.

7. Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391 as the named Plaintiff resides in this District and Defendant has engaged in the business in this District.

## PARTIES

8. Plaintiff, Andranik Souvalian, is an individual who resides in Cranston, Rhode Island and is a user of Google's Gmail email service.

9. Defendant, Google Inc., is a Delaware corporation headquartered at Mountain View, California and does business throughout the United States.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action on behalf of himself and a Class of all other persons similarly situated pursuant to Fed. R. Civ. P. 23 as defined as follows:

> All persons who are Google's Gmail account holders and reside in the United States and to whose accounts Google has added its Buzz social networking tool.

11. Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant or any employees, officers, or directors of Defendant; legal representatives, successors, or assigns of Defendant; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

12. **Numerosity.** The Class is so numerous and dispersed nationwide that joinder of all members is impracticable. Upon information and belief, the Class numbers in the hundreds of thousands if not millions. The exact number of Class members is unknown, but can be determined from Defendant's computerized and other records. Plaintiff reasonably estimates and believes that there are thousands of persons in the Class.

13. **Commonality.** There are numerous and substantial questions of law and fact that are common to all members of the Class, which questions predominate over any question affecting only individual Class members. The members of the Class were and continue to be subjected to the same practices of the Defendant. The common questions and principal common issues raised by Plaintiff's claims include: whether Defendant publicly shared Plaintiff and the Class' private user information with Plaintiff and the Class through its actions as described herein; whether public sharing by defendant of plaintiff and the class' private information was authorized; to what extent Defendant shared information; whether Plaintiff and the Class have been damaged as a result of the Defendant's alleged violations as alleged herein; and if so the appropriate relief for Defendant's violations; whether Defendant has violated the SCA; whether Defendant has violated the ECPA; what are the appropriate measure of damages and remedies against Defendant for any violations of the SCA and ECPA; and, the nature and extent of any other remedies, and injunctive relief, to which Plaintiff and the Class are entitled.

14.     The only individual questions concern the computation of damages to be awarded each Class member, which questions can be determined by a ministerial examination of the relevant files. For notice purposes, Class members can be identified using Google's computerized databases of its users.

15.     **Typicality.** Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendant.

16.     **Adequacy.** Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of this Action and in the administration of all matters relating to the claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class they seek to represent. Plaintiff has retained counsel experienced in handling class action lawsuits. Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this action.

17.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendant has subjected the entire Class to the same violations as referenced herein. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendant's uniform violations predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of this action as a class action. The Defendant has acted and continues to act in a manner that is generally applicable to all members of the Class making final injunctive relief

appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Stored Communications Act, 18 U.S.C. § 2701 *et seq.*)**

18.　Plaintiff, on behalf of himself and the Class, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

19.　In relevant part, 18 U.S.C. § 2701(a)(1)-(2) of the SCA provides that an offense is committed by anyone who: "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility;…and thereby obtains…access to a wire or electronic communication while it is in electronic storage in such system…".

20.　Google intentionally exceeded its authorization to access and control confidential and private information relating to Plaintiff and the Class' electronic communications in violation of 18 U.S.C. § 2701 *et seq* of the SCA.

21.　In relevant part, 18 U.S.C. § 2702(a) (1)-(2) of the SCA provides that a person or entity shall not: "(1)…knowingly divulge to any person or entity the contents of a communication…; and (2)…shall not knowingly divulge to any person or entity the contents of any communication….".

22.　Google knowingly, willfully, unlawfully and intentionally without authorization divulged confidential and private information relating to Plaintiff and the Class' electronic communications in violation of 18 U.S.C. § 2701 *et seq* of the SCA.

23.　Section 2707 of the SCA provides for a private cause of action and allows for damages, declaratory and equitable relief.

24.     Plaintiff and the Class seek damages, including, but not limited to punitive damages, declaratory and injunctive relief.

## SECOND CAUSE OF ACTION

### (Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*)

25.     Plaintiff, on behalf of himself and the Class, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

26.     Google knowingly, willfully, unlawfully and intentionally without authorization divulged confidential and private information relating to Plaintiff and the Class' electronic communications in violation of 18 U.S.C. § 2510 *et seq* of the ECPA.

27.     In relevant part, 18 U.S.C. § 2511(1)(c) of the ECPA provides that any person who: "...intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication..." shall be subject to suit.

28.     In relevant part, 18 U.S.C. § 2511(3)(a) of the ECPA further provides that "...a person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication...while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication....".

29.     Section 2520 of the ECPA provides for a private cause of action and allows for damages, declaratory and equitable relief.

30.     Plaintiff and the Class seek damages, declaratory and injunctive relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Andranik Souvalian, on behalf of himself and the Class, request the following relief:

1. An order certifying that this action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative, and that Plaintiff's counsel be appointed Class Counsel;

2. An award of damages;

3. Declaratory and injunctive relief;

4. An award of reasonable attorneys' fees and costs;

5. Such other relief at law or equity as this court may deem just and proper.


DATED this 3rd day of March, 2010.


_____
Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401-831-7730 (telephone)
401-861-6064 (facsimile)
E-Mail:pnwlaw@aol.com

Additional Counsel for Plaintiff:

Andrew S. Kierstead
LAW OFFICE OF ANDREW KIERSTEAD
1001 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
508-224-6246 (telephone)
508-224-4356 (facsimile)